May it please the court, my name is Ken Jacobus, I represent the Alaskan Independence Party, the Alaska Libertarian Party, and their former chairman and one of their voters in this case. The problem before the court this morning is the law and practice in the state of Alaska to allow persons to declare themselves candidates for public office as representatives of a political party. Over the party's objections or where the party, I'm sorry, where the candidates violated political party rules in the selection of candidates. District Court held that the state could force unacceptable candidates on the parties. The parties believe that this is a violation of the First Amendment. When you say unacceptable, District Court said as long as they're members of that party, right? Well, the members of, the membership in the party is kind of a weird situation. Because the way it works in Alaska is the person becomes a registered voter in Alaska by filing a voter registration application. Among other things, the voter states party affiliation. This is a self-designation by the voter with more review by anybody, either the political party or the state as to whether the person is really a member of the party. I think that's true in most states. But then the state takes a second step and says that once a voter has self-designated the party affiliation, the voter may run for political office as a representative of that party. And it refers to, in the statute, it refers to the person who has designated himself or herself as a Republican or whatever it is, as a member of the party. It forces, and this is a separate constitutional violation. It forces, the state forces party membership upon people that the party might find unacceptable. And it's really clear from a lot of prior decisions with the United States Supreme Court that the party itself has the right to determine its membership. Well, that's what this election's about, isn't it? The election, as I understand it, unlike the one we tried hard to reconcile in Washington and didn't quite get it right according to the Supreme Court, is that if the party has a primary, which it does, this is a primary ballot for the American Independent Party, correct? It's a primary ballot for several things. But the party agreed to it under compulsion, I gather, is your position. Well, the party would rather have a nomination. Well, I understand that. I understand it. But the ballot up there is not like the Washington primary, which is a blanket open primary, and the candidates could state, self-declare their preference. This is an entirely different type of primary than the Washington primary. Correct. The standard that this court has to look at is very different. Now, let me finish. I just want to make sure I understand what the ballot is about. You put the example up, so I want to make sure I understand. My understanding is that the people who appear on the ballot for the party primary are people who are registered to that party. You're challenging whether it's bona fide. But the voters who vote in that primary election to select the candidate of the party are voters who themselves have to be registered members of that party. Now, you've opened it up to more than members of the American Independent Party, as I understand. But not everybody in the election gets to vote on that ballot. There's a screening process. And so at the end of the day, as I understand it, whoever is the winner of that primary ballot will become the nominee of the party selected by registered voters in that party or anybody else that the party agreed could vote in that primary. Do I understand the system correctly? You understand it correctly. All right. Thank you. In Alaska, there are several ballots. The Republicans have opted to take separate ballots. There's a general ballot that everybody else can participate in. They can have their own ballot if they want to. In accord with Tashkent and the California Democratic Party, the Alaska parties do have the right to determine who their voters can be. And the Republicans, for example, have said Republicans can vote and anybody who's not a registered member of any other political party can vote. So at the end of the day, the voters of the Alaska Independent Party, augmented by whomever else you've authorized to vote, have selected the candidate for the general election of their party. They do select. That's right. The purpose of this election is to select the representative of the party who appears on the ballot as the representative of that party in the general election. And so what's your objection? The objection is, well, moving on to voter confusion, if you look at the ballot, it's not correctly stated on there because the person, you've got three Alaskan Independence Party candidates on there. You've got Eddie Burke, you have Daniel DiNardo, and you have Mr. Wright. Who's the real candidate of the Alaskan Independence Party? You know, counsel, I have sympathy with that argument, but I wrote the Washington State Grange opinion. We took that argument. It was even worse there because anybody could vote for somebody. There was no official sanction for the party people to self-designate. And the Supreme Court said on a facial challenge, you can't argue voter confusion. You've got to bring that as an as-applied case. Well, that's correct. And actually, on that one, I agree with Justice Scalia and Kennedy, but it is a dissent. I did, too. We have an as-applied case. It's important, but. What do you mean? If you have an as-applied case, it's not this case. Your complaint says nothing about an as-applied challenge. Well, it doesn't say anything about a facial challenge, either. But it's all facial. There's nothing specific about any candidates, any election, anything specific. You just say the statute's unconstitutional. As the case developed, it became pretty clear exactly what it was that was being complained about. Well, but you do not. I cannot read your complaint as making an as-applied challenge. As applied to what, first of all? As applied to the 2004, 2006. It doesn't say that in the complaint. No, but it was presented to the court as a matter of these proceedings. No, but as I understand the record, the only evidence you presented was in support of your standing. That's all you did. We're presenting evidence you're right. And that's the only evidence you presented. There's nothing in there about making this an as-applied challenge. The first time, as far as I can tell, you raised this as-applied challenge is in your supplemental brief. In fact, that tassel bell is not even part of the record. It's just an appendix to your brief. I had thought that the ballots were part of the record. I may be incorrect. Even if it is official. But you don't. All right. Okay, assuming it's official challenge. I think you have to just argue official challenge because you don't think it's an as-applied challenge. Well, it's going to be a waste of judicial effort. All right, so you're conceding you don't have a case on official challenge. I'm not conceding that. I'm not conceding that at all. I'm saying you should treat it both as official challenge and as an applied challenge. Show me where, first of all, in your, you know, before you get to your supplemental brief, in the district court, you made any argument about an as-applied challenge. Oh, my gosh. You certainly didn't raise it in the district court, did you? I had thought we had. Because we're talking about the 2004 elections. You're only going to record you raising it as applied. First of all, do you think you raised it in the complaint? Let me look. We're stating that the state of Alaska is administering elections in paragraph 7 in accordance with AS 15.25.010. If that's not an as-applied, we're stating that, we're stating specifically that the state is administering the elections. Yeah, but as-applied to what elections? Or to what county elections? If it applies to all elections, it's, you know, facial, isn't it? No. If it applies to all elections, it's as-applied. Well, if it's an election that, you know, applies in all conceivable situations, which is a facial challenge. No, Washington State, you didn't have an actual election. In Alaska, you have an actual election. I know, but you're not challenging that election. There's nothing in it that I challenged in 2005 or 2004 or 2006. We're challenging all of it. The state of Alaska is administering the elections. I mean, they've done it in the past. I'm not saying the state of Alaska in the future, like Washington, is going to maybe have an election. We don't know what the rules are going to be. In Alaska, they were passed the elections. We know what the rules were, and we know exactly how they were applied. But even if- Counsel, your complaint sounds in forward-looking relief. A declaratory judgment that political parties themselves, not the state of Alaska, have a right to determine how their candidates appear on Alaska election ballots, and that the state of Alaska must allow a political party to select its candidates for the general election ballot in a manner acceptable to the political party. B, a permanent injunction prohibiting defendants from selecting these candidates and conducting these elections in any manner other than in conformance with pre-cleared bylaws or rules of the applicable party. C, a mandatory injunction requiring that defendants adopt appropriate regulations, and so on. There's a facial challenge on a forward-looking basis. You do not say you want any relief with respect to past elections. That's evidentiary of the problems, but it's not an as-applied challenge. That's not inconsistent because the rules were applied in past elections. We're not trying to set aside past elections. All right, so we'll have to make as a judgment of the court whether or not you have a valid as-applied or a valid facial. On the facial basis, assuming we disagree with your as-applied characterization, where does that leave your case? It leaves our case in exactly the same posture because the standard that applies is severe burden on constitutional rights, strict scrutiny is required, the statute will be upheld only if it's narrowly tailored to serve a compelling state interest. Now, if you look at Washington, the Washington State case, if you look at what the different opinions said, it's pretty clear that what's taking place in Alaska is unconstitutional. That's facially. You see, this type of ballot was specifically disapproved by the majority opinion and by Justice Roberts in the concurring opinion. This type of ballot, obviously, would be disapproved by Justices Scalia and Kennedy because Show me some language in the majority opinion, Justice Thomas' opinion, where you say this type of ballot would be disapproved. Where is the disapproval? The majority opinion would have said that it requires more than just tacking the ballot on. And then the majority opinion was clarified by Judge Roberts and Justice Roberts and Justice Alito clarified it to say that just simply attaching the name was insufficient. It was a clarification of the majority opinion in which Chief Justice Roberts joined. Okay. So what other Supreme Court opinion do you invoke besides that? The New York decision on Opus Taurus, which grants them, we cited that. By the way, I apologize. We gave you the wrong citation on it. We cited it as 128 S.C.T. 1069. The correct citation is 128 S.C.T. 791. The wrong citation was to a decision on the petition of the Constitution of America. The opinion itself actually appears at 791. But that particular case, Opus Taurus, in the context of judicial candidate nominations by convention, which was authorized by state law, the Supreme Court again affirmed the general principle that the political party has the right to limit its membership. Alaska violated this by forcing members into the party that they may or may not want. And to choose a candidate selection process that will produce the nominee which best represents its political platform. And this is not what we have. Even looking at it as a facial challenge, sticking these three candidates on the same ballot, is definitely voter confusion. The only way you would know which candidate the party itself objected to is because you read the briefs. Otherwise, you would have no idea which was the unacceptable candidate there. Now, it's possible that additional language could be added to the ballot to clarify this, as is suggested in the majority opinion, but I don't think it's possible to do this. I think Justice Scalia is correct in his dissent that you can't do it. If you start putting extra language on there, then you put advertising or electioneering or things like that on the ballot. That's all I can tell you on that one. It's been there, done that, didn't work. It doesn't work, right? And it was even worse. But even as a facial challenge, this is the election which chooses the political party's nominee. But the Supreme Court says yes, and it's the voters of that party who are selecting it. But you can't present a ballot which is the last thing you post to the voters. You can't present a ballot which will confuse the voters. That's exactly what you have here. Counsel, could you tell me, what is the conflict between the state's rules and the party's rules regarding party membership? Regarding party membership? Yes. The parties... Oh, boy. I failed to see you develop this in the record. It hasn't been developed in the record because that was not really a question. Some of the parties have rules with respect to membership. Some of them have general principles. I don't think you can state that each party... You become a member, for example, at one point by applying and paying $25 dues. You become a member of the Libertarian Party. I'm trying to see what your argument is about having people say, I'm a Republican and I'm a member of the Independent Party. You said the party has no control over them. Well, they do in the sense of party membership. But they don't have any control in the sense of whether the state will put them on the ballot or not over the party's objection. And that's what the problem is. It's the state action that hurts. It's unconstitutionally harming the party by forcing us to affiliate with candidates to be elected to the party's highest offices who don't support the party principles, who are... I've described Mr. Canardo, and nobody would want to affiliate with him, but there's no way we can get rid of him. Thanks. I use the David Duke example, in my opinion. Well, I don't think he's ever threatened to kill the judges. Well, I understand that. Okay, well, I think we understand the concerns. I guess what we have to work our way through is what the Supreme Court has told us, and we appreciate your thoughts on it. I think, though, Your Honor, you should treat this as an as-applied case. We hear that argument. Otherwise, he will be back again. There's no point in forcing everybody through this process. Okay. We like Alaska. I'm sorry? We like to come to Alaska. Well, you come here once a year, right? If you have enough cases to hear, you will maybe hear this one over again. Okay, thank you very much. Thank you. May it please the Court. My name is Michael Barnhill. I'm a senior assistant attorney general with the Alaska Department of Law. I appear today on behalf of the Alkaline State Division of Elections and the lieutenant governor. Your Honors, this case presents a number of competing constitutional concerns that are in tension with each other. We have the state's established constitutional right to police elections, including parties' nomination processes. We also have the political party's associational right to exclude people from membership, and we have individuals' established constitutional right to affiliate with the political party of their choice. And underlying our entire democratic process in this country is the core democratic principle of one person and one vote. The state's position in your case in this honor is that the Alaska primary system resolves these competing constitutional concerns in an appropriate manner and in a way without violating the associational rights of either political parties or members of political parties, and I'd like to explain why. The first reason why this is so is that unlike other primary systems, such as the primary system described in the initiative 872 in the Washington State Grange case, Alaska's primary system is a partisan primary. The Grange case was a nonpartisan primary. Only members under A.S. 1525.030 can run as a candidate in an Alaska primary. The concern in the Grange case that the court had, particularly the concurrence and the dissent, is that voters would be confused or misled into thinking that by putting a candidate's name on a ballot with a party preference specified next to it, that voters would think that that candidate was either endorsed by the party or a member of that party. And Alaska's primary system solves that essential concern because you have to be a member under A.S. 1525.030 in order to run as a candidate. Because of this, Judge Burgess concluded that the associational burdens on political parties in Alaska were at best minimal. Therefore, the appropriate... Let me ask you a practical question. Do you think it's possible to construe the challenge in this case as an as-implied challenge? No, Your Honor, we don't. Why not? He says he tried to develop an argument in the district court. Your Honor, the way to make this an as-implied challenge is to specifically take on a candidate in a specific election. For instance, in this ballot, they would have had to sue the state of Alaska and say that a particular candidate should not appear on that ballot. It has to be in the context of an election. That did not happen here. As Your Honors have observed, we have forward-looking relief. Essentially, what they are trying to do in their complaint is opt out on a forward-looking basis of the Alaska primary system. So what Judge Burgess concluded is that the lower standard of scrutiny applies, and that is the state of Alaska need only show important regulatory interests and reasonable non-discriminatory restrictions. Now, that brings us to the political party's concern here. They don't want to be associated with certain members for a variety of reasons, including ideology. Again, the state submits that the primary system is the ideal forum in which to resolve this concern. It gives every member of a party the right to cast a vote to decide who that party's standard bearer will be. It avoids plunging the state into the role as the arbiter of ideological concerns. And we shouldn't forget the reason why we have the primary process in the first place, and that is to protect the core democratic principle in this country in the party nomination process. It eliminates the abuses of the smoke-filled back room. It prevents party bosses from identifying who the candidate should be. It enfranchises every member of a political party and ensures that everyone has an equal say in that party as to who the standard bearer of the party should be. The state recognizes the point that political parties are making here. They just don't want to be associated with individuals who have exercised their constitutional right under the Cusper case to be affiliated with the party of their choice. There's no doubt competing constitutional concerns here. But the political parties are now without a remedy. First, they can hold a convention or a caucus and endorse the candidate of their choice. Second, they can exercise their First Amendment right to campaign for that endorsed candidate. They can exercise their First Amendment right to campaign against the candidate that they don't like, that they haven't endorsed. And finally, and most importantly, Your Honors, most parties have a... Don't most... I think it's a universal rule with all parties that the party can't favor one candidate over another in a primary. Don't most parties have that kind of rule? Your Honor, parties can certainly adopt that rule and use the primary process that the state imposes to be the process by which they select their standard bearer. But there's nothing under the First Amendment that would prohibit a party from holding its own convention or caucus on the side and endorsing a particular candidate prior to the primary. And I believe that parties have the First Amendment right to do that. And finally, what the primary process does, and most importantly, it gives every member the right to vote for the person of the candidate of their choice in a fair and neutral primary. And if the majority of the membership of that party does not want a certain person to be that party's standard bearer, that person won't be nominated. We must remain mindful of the danger in resolving the competing constitutional concerns in this case in the manner suggested by the political parties. If we just allow political parties on a forward-looking basis to opt out of the state-imposed primary system, there's a danger that we turn back the clock on our country's political process 150 years to a time when party bosses make the selection as to who the standard bearer should be for the party. And in so doing, we disenfranchise the rank-and-file membership of political parties. And that resolution of the competing constitutional concerns in this case, Your Honor, endangers the core democratic principle that underlines our country's political process, and that is one person, one vote. In conclusion, Your Honor, the state of Alaska submits that Judge Burgess correctly found that the burden imposed on the associational rights of political parties in Alaska is minimal. Alaska has important regulatory interests in imposing a fair and neutral primary process on the political parties' nomination process. And the manner in which Alaska has done so is reasonable, non-discriminatory, and genuinely neutral. Thus, we would ask that this Court affirm Judge Burgess' ruling and find that Alaska's system is constitutionally sound and does not violate the associational rights of political parties in Alaska. Thank you. Thank you. Counsel, you may. Sure. In answer to the question of specifically elections being raised at the district court level, we've discussed those elections in our opposition to motion to dismiss. Take a look beginning at page 44 of the excerpt of record. We also discussed these elections in our motion for summary judgment. Take a look beginning at page 60 of the excerpt of record. So it's pretty clear that we're talking about as applied. We're not just talking about facial for the future. Now, the state says, yes, we can endorse our candidates. The party can endorse its candidates. But there's no indication on the ballot who the endorsed candidates are and who the non-endorsed candidates are. And in the context of the Alaskan Independence Party, these elections we're talking about, normally you can campaign in favor of your candidate and against the non-endorsed candidate. But if you do so in this context, you might get killed. And at the very least, you're sued for $10 million over and over again. I mean, that type of thing certainly silences free political debate. And this happened. And it continues to happen. We have to be able to control the people who can go on the ballot. We can't campaign against them. The ordinary political parties, they can campaign against them. But when you have some of these candidates that you have up here, you take your life in your hands. You take your finances in your hands by campaigning against them. The chairman of the Alaskan Independence Party has had a $10 million lawsuit pending against her for several years. I mean, how is she going to get any credit to build a house or anything like that? The parties have got to be able to really determine who their candidates are and have the information correctly given to the people on the ballots. This is a horrible case. I know that people don't normally threaten other people's lives if you have million-dollar lawsuits over results in the elections. However, Lindauer did that to the Republicans a number of years ago when there was a dispute over his election. Actually, I've been sued in political cases for amounts in excess of a million dollars, at least twice, both by Lindauer and by Lindauer. He's a rugged wild west of you. He is a wild west of me. The chairman of the Alaskan Independence Party was murdered, by the way. All we're asking for is that the rights of the political parties to determine their candidates and have them presented correctly to the voters be protected. We're not asking to opt out of an open primary at this point. I'm sorry, to opt out of a primary election at this point. Although some parties would prefer to do it by convention, everybody's going along with the primary system, but the information and the candidates have to be presented accurately to the voters, and the candidates that are presented to the voters have to be those candidates that represent the political philosophy of the parties. Otherwise, the whole thing is just a sham. Okay. Does the clerk have any questions? No. We understand and appreciate the thoughtful arguments on both sides. This is a very interesting issue and a challenging issue, as the Grange case indicated, and so it was an interesting case to wrap up our time here in Alaska, and we will take the case under submission and do our best. Thank you both. All rise. Thank you. This court for this session stands adjourned. Thank you. Is that all for today? Yes. Thank you. We're not here tomorrow. We're done. Thank you. Thank you. Excuse me. I'm going to watch this. I want to get out before the end of this case. Thank you. Thank you.
judges: Silverman, Callahan, Smith